UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>EFF</small> G<small>ARCZYNSKI</small>,

    Plaintiff,

v.

A<small>CCIDENT</small> F<small>UND</small> I<small>NSURANCE</small> C<small>OMPANY</small>,

    Defendant.
_____/

Case No. 22-cv-12615

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL (ECF No. 9) AND SETTING DATES</u>**

**I.**    I<small>NTRODUCTION</small>

On October 31, 2022, Plaintiff Jeff Garczynski ("Garczynski" or "Plaintiff") initiated the instant civil rights action against Blue Cross Blue Shield of Michigan. ECF No. 1. On November 2, 2022, Plaintiff filed an amended complaint naming Accident Fund Holdings, Inc. as defendant instead. ECF No. 3. Then, on March 16, 2023, the Parties stipulated to substituting Accident Fund Insurance Company ("Accident Fund" or "Defendant") as the defendant. ECF No. 15. Plaintiff brings claims for religious discrimination based on Defendant terminating him after

1

determining his refusal to get a COVID-19 vaccine in accordance with company policy was not motivated by sincerely held religious beliefs. *See* ECF No. 3.

Presently before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), which seeks to dismiss Count II of Plaintiff's Amended Complaint ("Motion for Partial Dismissal"). *See* ECF No. 9. Plaintiff filed a timely response, *see* ECF No. 13, and Defendant replied, *see* ECF No. 14. Upon review of the Parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant Motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons the Court **GRANTS** Defendant's Motion for Partial Dismissal (ECF No. 9).

## II. BACKGROUND

### A. Factual Background

Prior to his termination, Garczynski had worked for Accident Fund for almost 35 years. ECF No. 3, PageID.26. On November 1, 2021, Accident Fund announced a mandatory COVID-19 vaccine policy for "all employees and contractors, including those working remotely" (the "Vaccination Policy" or "Policy"). *Id.* at PageID.22. As alleged in the Amended Complaint, the Vaccination Policy required

2

employees to be vaccinated by December 8, 2021.[1] *Id*. Employees seeking accommodations with respect to the vaccine mandate were required to do so by November 11, 2021. *Id.* at PageID.23. Any employee who remained unvaccinated by the December 8, 2021 deadline and was denied an accommodation was automatically placed on an unpaid leave of absence on December 9, 2021. *Id.* at PageID.23.

Garczynski submitted a religious accommodation request by the deadline. *Id.* at PageID.25. However, he describes the accommodation process as "arbitrary and woefully inconsistent." *Id.* at PageID.23. Employees who submitted religious or medical accommodation requests were subjected to "ambush-style interrogations," and no adjustments were made for employees with language barriers or medical conditions that impacted their ability to answer questions. *Id.*; *id.* at PageID.24. While Accident Fund attorneys conducted the interviews, employees could not have their own counsel present. *Id.* at PageID.23. The interviews were limited to 15 minutes each, and interviewees were pressured to not ask questions and to keep their responses short. *Id.*

---

[1] Defendant notes in its Motion that the policy, in fact, required employees receive at least the first dose of a two-dose vaccine by December 8, 2021 and be fully vaccinated by January 4, 2022. ECF No. 9, PageID.80. However, Defendant concedes, and this Court agrees, that this discrepancy has no bearing on the Court's analysis of the instant Motion.

On December 3, 2021, Garczynski received an email informing him that his religious accommodation request had been denied. *Id.* at PageID.25. Specifically, the letter stated that the information he provided in writing and during his interview did "not meet the criteria for an exemption due to a sincerely held religious belief, practice, or observance" protected by Title VII of the Civil Rights Act. *Id.* at PageID.25–26. Garczynski wrote a letter to the CEO of Accident Fund seeking reconsideration but did not receive a response. *Id.* at PageID.26. Garczynski was placed on unpaid leave on December 15, 2021. *Id.* Around 250 individuals, including Plaintiff, were ultimately terminated effective January 5, 2022. *Id.* at PageID.24, 26.

### B. Procedural Background

Plaintiff brings two claims for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"): failure to accommodate (Count I) and retaliation (Count II). *See* ECF No. 3. As relevant here, Plaintiff alleges that he "engaged in a protected activity when he requested religious accommodations from Defendant's vaccine mandate" and that Defendant retaliated against him by placing him on an unpaid leave of absence. *Id.* at PageID.33–34.

Defendant seeks to dismiss Plaintiff's retaliation claim (Count II) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 9. For the reasons discussed in Section III, Subsection B *infra*, the Court agrees.

### III. LAW & ANALYSIS

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") allows a district court to assess whether a plaintiff has stated a claim upon which relief may be granted. To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). While a court is required to accept the *factual allegations* in a complaint as true, *Twombly,* 550 U.S. at 555, the presumption of truth does not apply to a claimant's

5

Case 2:22-cv-12615-GAD-CI ECF No. 18, PageID.216 Filed 05/12/23 Page 6 of 15

*legal conclusions*. *Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotation marks omitted).

### B. Discussion

Defendant argues that Plaintiff fails to state a retaliation claim under Title VII because Plaintiff did not engage in a protected activity. ECF No. 9, PageID.86–90.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that:

> 1) the plaintiff engaged in an activity protected by Title VII; 2) the exercise of the plaintiff's civil rights was known to the defendant; 3) the defendant thereafter undertook an employment action adverse to the plaintiff; and 4) there was a causal connection between the protected activity and the adverse employment action.

*Virts v. Consol. Freightways Corp. of Delaware*, 285 F.3d 508, 521 (6th Cir. 2002).

Title VII enumerates two different types of protected activity: "1) opposing an employer's discriminatory activity or practice made unlawful by the statute or (2) testifying, assisting, or participating in an investigation or proceeding under the statute." *Smith v. COBX Co.*, No. 22-12836, 2023 WL 2578945, at *2 (E.D. Mich. Mar. 20, 2023) (citing 42 U.S.C. § 2000e-3(a)). As such, the Sixth Circuit has

6

recently stated, "A request for an accommodation does not constitute protected activity under Title VII, which clearly delineates two options: opposition to discriminatory practice or participation in an investigation." *Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020) (citing 42 U.S.C. § 2000e-3(a)); *see also Smith*, 2023 WL 2578945, at *2; *Edwards v. City of Cincinnati*, No. 1:22-CV-503, 2023 WL 145898, at *5 (S.D. Ohio Jan. 10, 2023).

Thus, both the text of Title VII and the Sixth Circuit are clear: because the only protected activity supporting Plaintiff's retaliation claim is his request for a religious accommodation, Count II must be dismissed.

In opposition, Plaintiff relies on *Creusere v. Bd. of Educ. of City School Dist. of City of Cincinnati*, 88 Fed. App'x 813, 821 (6th Cir. 2003) and several out-of-circuit, district court cases to argue that religious accommodation requests can constitute a protected activity under Title VII. *See* ECF No. 13, PageID.182. Although decisions from district courts outside this circuit may hold persuasive value in some instances, they are not binding on this court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). This is particularly true when there is an appellate case within the circuit that directly addresses the issue.

*Creusere*, although also a Sixth Circuit case, is unpersuasive. As an initial matter, the Court notes that it is a significantly older opinion than *Stanley*, and that like *Stanley*, *Creusere* is unpublished and thus not binding authority. *In re Blasingame*, 986 F.3d 633, 637 n.2 (6th Cir. 2021). More importantly, in *Creusere*, the Sixth Circuit stated without analysis that the plaintiff "was clearly engaged in a protected activity by requesting religious accommodation," writing a letter regarding his employer's failure to accommodate his religious observance when calculating holiday hours, and writing a letter regarding his termination. 88 F. App'x at 821. In contrast, in *Stanley*, the Sixth Circuit assessed the text of Title VII and determined that a request for an accommodation does not qualify as a protected activity under the statute. 808 F. App'x at 358. *Stanley* is thus far more persuasive on this issue. The Court also finds it notable that Plaintiff did not cite, and the Court did not find, any cases in this Circuit relying on *Creusere* for the proposition Plaintiff asserts.

The Court is sympathetic to Plaintiff's argument that the text of Title VII is similar to that of the Family Medical Leave Act ("FMLA") and that a request for leave is protected under the FMLA. ECF No. 13, PageID.183–85. However, as other district courts have explained, Plaintiff

> seems to interpret Title VII's anti-retaliation provision as akin to the anti-interference provisions included in other federal employment statutes, such as the Family and Medical Leave Act, *see* 29 U.S.C. § 2615(a)(1), or the Americans with Disabilities Act, *see* 42 U.S.C. §

8

12203(b). In those contexts, asserting a right protected under the statute, such as medical leave or an accommodation for a disability is, by itself, protected activity. However, retaliation is distinct from interference. *See, e.g.*, EEOC, *Questions and Answers: Enforcement Guidance on Retaliation and Related Issues*, available at https://www.eeoc.gov/laws/guidance/questions-and-answers-enforcement-guidance-retaliation-and-related-issues. Title VII proscribes only retaliation and not interference. Therefore, it is not always appropriate to draw analogies between protected activity under statutes that proscribe interference and protected activity under Title VII. *Cf. Jenkins v. N.Y.C. Transit Auth.*, 646 F. Supp. 2d 464, 473 (S.D.N.Y. 2009) (holding "a claim for retaliation [under Title VII] can be based upon a request for reasonable accommodation" and citing in support *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 149 (2d Cir. 2002), which held that "request for reasonable accommodation of disability constitutes protected activity").

*Hunter v. AFGroup Emerging Markets*, No. 22-CV-990, 2023 WL 372204, at *2 (E.D. Wis. Jan. 24, 2023)

Plaintiff argues that his accommodation request itself constitutes opposition to Defendant's Vaccination Policy. ECF No. 13, PageID.185. However, this contention is foreclosed by *Stanley*, which explicitly holds the opposite. 808 F. App'x at 358. Plaintiff also asserts, in his Response, that his letter to Defendant's CEO should also be considered a protective activity. The only "protected activity" in which Plaintiff alleges that he engaged in his Amended Complaint is requesting a religious accommodation to the vaccine mandate. *See* ECF No. 3. As the Sixth Circuit has recently stated, "it is black-letter law that, with a few irrelevant

9

exceptions, a court evaluating . . . a motion to dismiss[] must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases). Thus, "[p]laintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.* (collecting cases). The Court therefore declines to consider this new allegation. Because Plaintiff's retaliation claim is based solely on his request for religious accommodation, it must dismissed.

## IV. Conclusion

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal (ECF No. 9) is **GRANTED**. Plaintiff's claim for retaliation under Title VII (Count II) is dismissed.

## V. Scheduling Order

**IT IS FURTHER ORDERED** that the following dates shall govern this matter:

| | |
|---|---|
| Initial Disclosures: | May 25, 2023 |
| Amendments to Witness Lists: | July 1, 2023 |
| Discovery Cutoff: | November 13, 2023 |
| Dispositive Motion Deadline: | December 13, 2023 |

| | |
|---|---|
| Facilitation/Mediation:[2] | January of 2024 |
| Settlement Conference before Magistrate Judge Curtis Ivy, Jr.: | March of 2024 |
| Motions *in Limine* Cutoff: | April 3, 2024 |
| Joint Final Pretrial Order: | April 3, 2024 |
| Final Pretrial Conference: | June 13, 2024 at 2:00 p.m. |
| Trial Date: | July 25, 2024 at 9:00 a.m. |

I. **TIME**. Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II. **DISCOVERY**. Discovery shall be completed on or before the date set forth in the scheduling order. The court will not order discovery to take place subsequent to the discovery cutoff date. The discovery deadline may only be extended by filing a timely written motion with the court. Extensions or adjournments of all other dates will also only be considered upon the filing of a timely written motion for good cause shown. Local Rule 26.2 generally prohibits filing discovery materials with the Clerk. Violation of this rule may result in sanctions.

III. **MOTIONS**. The Court requires strict compliance with Local Rule 7.1(a), which requires moving parties to seek concurrence before filing a motion. All briefs must comply with Local Rules 5.1 and 7.1, and must contain citation to appropriate authorities within the text of the brief, and citations must conform

---

[2] The Parties shall submit the case to facilitation/mediation. A proposed stipulated order referring case to facilitation/mediation shall be submitted to the Court via the utilities function on CM/ECF no later than September 1, 2023. The proposed order must identify the facilitator/mediator and the date set for facilitation/mediation. Facilitation/mediation must occur no later than January 31, 2024.

11

to the latest edition of The Bluebook: A Uniform System of Citation published by the Harvard Law Review. Courtesy copies of motions and briefs must be provided to chambers and in accordance with Local Rule 5.1.1(c). Courtesy copies must be properly bound. The Court will not accept documents loosely secured with a rubber band or binder clip.

IV. **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**. The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order. All witnesses must be listed in the Final Pretrial Order. Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court. Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

> A. Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court. The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise. All objections specified in Rule 26(a)(3) shall be made in this order. Counsel for plaintiff shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order. The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court. The proposed Final Pretrial Order shall strictly comply with the requirements of Local Rule 16.2.

> **\* Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

B. The following persons shall personally attend the final pretrial conference:

   1) Trial counsel for each party;
   2) All parties who are natural persons;
   3) A representative on behalf of any other party;
   4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement. "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

VII. At least ONE WEEK prior to the beginning of trial, counsel shall furnish to the court the following:

A. In jury cases, any requests for VOIR DIRE, proposed JOINT JURY INSTRUCTIONS and the VERDICT FORM. The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form. The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Additionally, each party shall separately file any additional proposed instructions to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

13

    B. In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

    C. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V. **EXHIBITS**. Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters. A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial. See attached exhibit form. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

VI. **JUDGE'S COPIES.** A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII. The Court will not allow counsel not admitted in the Eastern District to practice upon a special motion. All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII. **LOCAL COUNSEL**. An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 12, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager